Ron Merritt and Elizabeth G. Merritt v. Commissioner. Ron Merritt Company v. Commissioner.
Merritt v. Commissioner
Docket Nos. 77915, 77916.
United States Tax Court
T.C. Memo 1962-183; 1962 Tax Ct. Memo LEXIS 126; 21 T.C.M. (CCH) 1011; T.C.M. (RIA) 62183; July 31, 1962
*126 David O. Hamlin, Esq., Colman Bldg., Seattle, Wash., for the petitioners. Norman H. McNeil, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined deficiencies in income tax as follows: Docket
No.
Petitioner
Year
Amount
77915
Ron and Elizabeth
G. Merritt
1954
$ 217.64
77916
Ron Merritt Com-
Jan. 31,
pany
1955
2,490.85
Some of the issues have been conceded by petitioners, and the disposition of certain other issues in Docket No. 77915 will follow automatically from our disposition of related issues in Docket No. 77916. Minor adjustments will be necessary under Rule 50. The issues presented for our consideration are: (a) Deductibility by the corporation, in whole or in part, of claimed salary and travel expenses of Elizabeth G. Merritt (Docket No. 77916). (b) Includability in gross income of Ron and Elizabeth G. Merritt of amounts disallowed as representing dividend distributions from the corporation through the medium of personal use by the Merritts of, and depreciation on, a company-owned car. Findings of Fact Ron Merritt Company is now and was at all times *127 during the calendar year 1954 and the fiscal year ending January 31, 1955, a Washington corporation, engaged in business as a manufacturers sales representative. Ron Merritt Company filed a Federal corporation income tax return for the period ending January 31, 1955, with the district director of internal revenue for the district of Washington at Tacoma, Washington. Ron and Elizabeth G. Merritt, at all times during the calendar year 1954, were and now are husband and wife. They filed a joint Federal income tax return for the calendar year 1954 with the district director of internal revenue for the district of Washington at Tacoma, Washington. The corporation's functions in 1954 included sales activity, personal contacts and personal efforts of its employees. Included in such activities were entertainment and contacts with factory sales executives, customers and potential customers. Ron Merritt Company began as a sole proprietorship in 1947 and during the early years of the business, Elizabeth G. Merritt performed certain office services and became personally acquainted with many people with whom the company did business. She became familiar, also, with the company's sales methods. *128 Some time prior to 1954, Elizabeth G. Merritt had worked as a professional model and in other activities including selling in a drug store. Her appearance and personality were well adapted to performing of functions as a hostess on behalf of Ron Merritt Company. During the calendar year 1954 and the fiscal year ending January 31, 1955, Ron Merritt and Elizabeth G. Merritt entertained factory sales executives on behalf of Ron Merritt Company at cocktails and dinner in their home and in the Seattle area at least once a week, and, in addition, on at least 20 occasions, entertained customers in the same manner. During 1954, Ron and Elizabeth G. Merritt attended two business conventions, one in Chicago in May and one in Los Angeles in August, spending approximately five days at each convention during the course of which Elizabeth G. Merritt acted as hostess for Ron Merritt Company in entertaining factory sales executives, customers, potential customers and wives attending the conventions with their husbands. Ron Merritt Company paid the expenses of Elizabeth G. Merritt incurred in attending these conventions prior to December 31, 1954, in the sum of $482.93. During the calendar *129 year 1954 and the fiscal year 1955, the names of all stockholders in Ron Merritt Company, the number of voting shares and offices held by each such stockholder were as follows: Common
Stock
Name
Shares
Office
Ron Merritt
48
President and Director
Elizabeth G. Merritt
1
Director
Don L. Adams
1
Secretary-Treasurer
and Director until
10-19-54
Raymond W. Blank
1
Secretary-Treasurer
and Director after
10-19-54
During the calendar year 1954 and the fiscal year ending January 31, 1955, Ron and Elizabeth consulted as directors of Ron Merritt Company on company affairs relating to personnel and relationships with suppliers and customers. In addition, Elizabeth performed services at times as a typist and in mailing, filing and cataloguing. Elizabeth also set up large selling displays in Seattle. During the period involved herein, Ron Merritt Company kept its books on an accrual method of accounting for the fiscal year ending January 31, 1955, and Ron and Elizabeth reported their income on the cash receipts and disbursements method of accounting for the calendar year 1954. During the calendar year 1954, Elizabeth received $3,300.50 *130 as salary from Ron Merritt Company. During its fiscal year ending January 31, 1955, Ron Merritt Company paid Elizabeth $3,450 as salary. Reasonable compensation to Elizabeth for services rendered by her as an employee to Ron Merritt Company during periods here involved is to be computed on the basis of $1,600 per annum and will be allowed as a deduction to the company accordingly. During 1954 Ron used an automobile owned by Ron Merritt Company in driving to and from work and for other minor personal purposes. During this same period another automobile owned by Ron and Elizabeth was used to an undetermined extent on behalf of Ron Merritt Company. Opinion The circumstances relating to compensation for the services of Elizabeth G. Merritt have been set forth in some detail in our Findings and need not be repeated here. Her activities were largely in the segment of contacts and entertainment. They undoubtedly contributed to the successful operation of the company. Clearly, to the extent that they are reasonable in amount, expenditures for entertainment under circumstances such as those here presented, are ordinary and necessary, and are well recognized as such in industry, especially *131 where basic functions of the business include soliciting suppliers and selling to customers. Such expenses include ordinary and necessary outlays for compensation to those who render services in connection with contacts and entertainment. Moreover, the record demonstrates that the services were rendered as an employee in direct relationship to business functions. The only real issue presented in this connection is whether the compensation paid was excessive. In this respect, since the company was family-owned, and the employee was the wife of the controlling stockholder, the circumstances must be scrutinized with care. We think the compensation was clearly excessive in the light of the facts presented. Moreover, there is little basis in the record for the determination of a precise figure. After careful consideration we hold that petitioner has not demonstrated that compensation for the services of Elizabeth was reasonable in an amount in excess of $1,600 per annum. Compensation in excess of that amount is, therefore, disallowed. As to the item of $482.93 for expenses of Elizabeth to two conventions, the amount is stipulated. The only question is whether the expenditures were *132 ordinary and necessary expenses of the business. Upon the basis of substantially the same reasoning as that presented with respect to deductibility of part of Elizabeth's salary, we hold for petitioner. In this instance, however, the full amount is to be allowed. Respondent disallowed $91.67 attributed to personal use of the company auto and $53.52 for depreciation of the same auto likewise attributed to personal use. (Respondent, at the same time, included these items as preferential dividends in gross income of Ron and Elizabeth.) Petitioners do not object to the disallowance as such, but claim an "offset" because Ron and Elizabeth used their personal auto for company business purposes. Assuming (although we do not so hold) that the principle supporting an offset is sound, we must nevertheless affirm respondent. The extent of the use of their personal car for the company is only a guess. There is no evidence of how much was paid or accrued by the company for such use. The entire issue is de minimis and there is not a sufficient basis for application of the principles announced in . We accordingly sustain respondent on this issue. *133 Decisions will be entered under Rule 50.